**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**PAUL ARNETT**                                                                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:07CV-P59-M**

**DALE BOZARTH** *et al.*                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Paul Arnett filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  This matter

is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will

be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff brings this civil rights action against Hancock County Sheriff Dale Bozarth and

Hancock County Deputy Sheriffs Christopher DeJarnette and Ken Eubanks.  He alleges as

follows:

> On December 10th the state of Indiana faxed a warrant to Hancock County
> Sheriffs office in Hawesville, Kentucky 42348.  The warrant was served on
> December 10th 2004 by Deputy Sheriff, Ken Eubanks while i was incarcerated in
> the Hancock County Jail.  The sheriffs department failed to make record or are
> withholding the record of the warrant being served.  I have since filed back to
> Pulaski County Indiana to receive credit for time spent in custody from the date
> the warrant was served.  The Judge in Pulaski County has said that he can not
> grant time spent in custody because there is no record of the warrant being served.
> Hancock County has failed to keep records that would benefit the actual amount
> of time i will spend in jail. . . . Officer Christopher DeJarnette has a personal issue
> with me and lied to the Pulaski County Indiana prosecutors Office about the
> warrant.  The warrant was served and i have the copy the deputy sheriff gave me
> the day he served it on me.

Plaintiff believes that Hancock County has violated his "right to receive jail time credit for time

spent in custody allowing me to be released at a sooner date."  As relief, he asks that the

Hancock County Sheriff's Office "admit they served the warrant and show proof to the state of

indiana, pulaski county so that i can receive jail time credit"; alternatively, he wants "to be awarded for every day i spend incarcerated with no time credit from Indiana."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, -- F.3d -- , 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alternation in *Twombly*); *Ass'n of Cleveland Fire Fighters*, 2007 WL 2768285, at *2.  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

2

### III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff fails to specify in which capacity he sues Defendants. On review of the complaint, the Court finds that it does not indicate that Plaintiff seeks to subject Defendants Bozarth, DeJarnette,[1] and Eubanks to individual liability. Absent evidence to the contrary, the Court presumes that Defendants are being sued in their official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff's claims against Defendants are actually brought against Hancock County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

---

[1]Even if Plaintiff's statement that "DeJarnette has a personal issue with me and lied to the Pulaski County Indiana prosecutors Office about the warrant" could liberally be construed as an indication of an individual capacity claim against DeJarnette, Plaintiff has still failed to state a claim against that Defendant. Plaintiff fails to demonstrate that DeJarnette's conduct rises to the level of any constitutional violation actionable under § 1983 at this time. While "holding a prisoner under an expired sentence may constitute cruel and unusual punishment in violation of the Eighth Amendment. . . . [and] may also result in a due process violation," *Johnson v. Booker*, No. 07-CV-13323, 2007 WL 2421548, at *1 (E.D. Mich. Aug. 27, 2007), Plaintiff has not made such a claim. He is currently incarcerated in the Commonwealth of Kentucky. Because Plaintiff seeks a speedier release from Indiana custody, he must first file a habeas petition seeking credit for jail time served.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

4

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a policy in causing his alleged harm, and he fails to allege that Hancock County has a policy or custom of failing to maintain records of served warrants.  Rather, Plaintiff's plaint appears to be an isolated occurrence affecting only Plaintiff.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom endorsed by Hancock County.  Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

Consequently, the official claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Additionally, the primary type of relief Plaintiff seeks – credit for time served – is not appropriate under § 1983.  Instead, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     Hancock County Attorney
4414.005

5